**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| OTIS JORDAN, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-cv-375-GPM |
| WARDEN HULICK, *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court previously advised Otis Jordan of its intention to sever his unrelated claims into separate actions (Doc. 8). *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Jordan has now filed a response to the Court's Order (Doc. 9). In his response, he states that he never received a copy of Defendants' motion to sever, and he seeks a copy of that motion.

Jordan is mistaken; Defendants did **not** file any such motion. In fact, Defendants have not even been served with a copy of the complaint or any other motion filed by Jordan, and they will not be served until after the Court *completes* review of the complaint under 28 U.S.C. § 1915A. As part of that review, the Court determined that three unrelated claims are improperly joined in this action. To reiterate, the three distinct claims are:

**COUNT 1:** Against Defendant Officer Maui, Defendant Major Maui, and Defendant Lt. Liefer for harassment;

**COUNT 2:** Against unspecified members of the tactical team for use of excessive force;

**COUNT 3:** Against unspecified defendants for failing to respond to his grievances.

As explained in the Court's earlier order, Rule 18(a) of the Federal Rules of Civil Procedure permits a plaintiff to assert all of his claims against one defendant in one civil action, while Rule 20 allows him to assert claims jointly against more than one defendant. In this case, the three claims do not share a common defendant, a common incident, or a common question of law, and the claims thus must be brought, if at all, in separate lawsuits. *See George*, 507 F.3d at 607.

Jordan is once again **ADVISED** that the Court is inclined to sever Count 2 and Count 3 into separate lawsuits. If these claims are severed, they will be removed from this case and opened in two new cases. New case numbers will be assigned, and a separate filing fee will be assessed for each new case.

Because the imposition of additional filing fees may impose a financial burden on him, Plaintiff is **FURTHER ADVISED** that he may avoid severance (and the imposition of additional filing fees) by filing a motion to voluntarily dismiss Counts 2 and 3 without prejudice **within thirty (30) days of the date of this order**. Before filing that motion, Jordan shall consider whether he could re-file the dismissed claims without running afoul of the applicable 2-year statute of limitations.

If Jordan does not respond to this order within the time allotted, the Court will proceed to sever Count 2 and Count 3 into two separate new lawsuits and impose the $350 filing fee for each of those new cases.

**IT IS SO ORDERED.**

DATED: 03/23/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge