**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **OTIS JORDAN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **CIVIL NO. 08-cv-375-GPM** |
| | ) |
| **WARDEN HULICK,** *et al.***,** | ) |
| | ) |
|     **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Otis Jordan, currently an inmate in the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Three distinct claims are presented in this action:

    **COUNT 1:**    Against Defendant Officer Maui, Defendant Major Maui, and Defendant Lt. Liefer for harassment;

    **COUNT 2:**    Against unspecified members of the tactical team for use of excessive force;

    **COUNT 3:**    Against unspecified defendants for failing to respond to his grievances.

The Court previously advised Jordan of the Court's intention to sever Count 2 and Count 3 into separate lawsuits but gave him the opportunity to voluntarily dismiss those claims and not risk multiple strikes. Jordan opts to dismiss Count 2 and Count 3 (Doc. 11), and his motion is **GRANTED**.

This case is now before the Court for a preliminary review of the remaining claim pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Count 1 consists of claims against Defendant Officer Maui, Defendant Major Maui, and Defendant Lt. Liefer. Jordan specifically alleges that, while he was in the Menard Correctional Center, Officer Maui took a disliking to him; this dislike was manifested in verbal harassment and threats. Jordan filed a grievance over the matter, without relief. He then sought assistance from Defendants Liefer and Major Maui, but neither took sufficient action to correct the situation. Jordan then went to Internal Affairs seeking transfer to another institution; instead, he received a transfer to another housing unit at Menard, where his contact with Officer Maui was minimized. Based on this scenario, Jordan alleges that all three have joined in a conspiracy of harassment against him, in violation of his constitutional rights.

A claim of conspiracy, standing alone, does not create liability under 42 U.S.C. § 1983. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008) (conspiracy is not an independent basis of liability in § 1983 actions). Moreover, incidents of verbal harassment do not give rise to a constitutional claim. *See, e.g., DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *Gutierrez v. Peters*, 111 F.3d

1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992). *See also Antoine v. Uchtman*, 275 Fed.Appx. 539, 541 (7th Cir. 2008) ("[T]he Constitution does not compel guards to address prisoners in a civil tone using polite language."). Thus, Jordan has failed to state a claim upon which relief may be granted.

The complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are now **MOOT**. Jordan is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 05/27/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge